IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN DEWEY WILLS, JR.**, <br><br>   Plaintiff, <br><br> v. <br><br>**ANDREW GRASLEY, GINSLEY, CANTU, ALLRED, BETH CLOOS, BILBREY and BRANTLEY**, <br><br>   Defendants. | Case No. 3:20-cv-191-SI <br><br>**ORDER** |

**Michael H. Simon, District Judge.**

  Plaintiff John Dewey Wills, Jr. (Wills), representing himself, bring this *Bivens* action against a number of Defendants each of whom worked or formerly worked as medical personnel at the Federal Correctional Institution at Sheridan, Oregon (FCI Sheridan). Wills alleges generally that staff at FCI Sheridan were deliberately indifferent to his medical needs between December 2018 and January 2020. One of those Defendants, Beth Cloos (Cloos), is an employee of the U.S. Public Health Service (PHS) who had been detailed to work at FCI Sheridan from 2012 until her resignation in January 2020.

PAGE 1 – ORDER

Wills alleges that Defendants, including Cloos, were made aware of his medical issues and that their failure to act resulted in irreparable damage to Wills' health. ECF 2 at 15. Wills asserts the following claims against Cloos in his Complaint: "failure to protect," "deliberate indifference to serious medical needs," "denial of medical treatment for serious medical needs," "wanton infliction of pain," "intentionally interfering with pain management treatment previously prescribed," "threatened with irreparable harm," and cruel and unusual punishment. *Id.* at 17-23.

Before the Court is Cloos' motion to dismiss for lack of subject matter jurisdiction, filed on November 30, 2021. ECF 32. As of January 11, 2022, Wills had not filed a response to that motion, so the Court issued a Scheduling Order, informing Wills that if he did not respond to the motion by January 31, 2022, the Court would resolve Cloos' motion without the benefit of his response. ECF 35. On February 7, 2022, Wills filed a motion for extension of time, ECF 36, which the Court granted, setting a deadline of March 2, 2022, ECF 37. Wills filed three more motions for extensions of time, ECF 36, 38, 44, each of which the Court granted, ECF 37, 39, 45. The Court issued the last order granting such a motion on May 10, 2022, giving Wills until May 16, 2022, to respond to Defendant Cloos' motion. ECF 45. Wills has not yet filed a response, and has filed no more motions for extensions of time. Thus, as described in its Scheduling Order, the Court considers Cloos' motion without the benefit of Wills' response.

Cloos argues that this Court lacks jurisdiction over Wills' claim against her based on her status as an employee of the PHS. Cloos contends that she is entitled, as a PHS employee, to absolute immunity from liability under *Bivens* pursuant to 42 U.S.C. § 233(a), which provides:

> The remedy against the United States provided by [the Federal Tort Claims Act (FTCA)] for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of

PAGE 2 – ORDER

>clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

Cloos is correct. The Supreme Court has held that "the immunity provided by § 233(a) precludes *Bivens* actions against individual PHS officers or employees for harms arising out of conduct described in that section." *Hui v. Castaneda*, 559 U.S. 799, 811 (2010). All of Wills' claims against Cloos are for alleged personal injuries arising from medical functions that Cloos performed in her capacity as an employee of the PHS. Therefore, as the Supreme Court has stated, § 233(a) forecloses Wills' *Bivens* actions against Cloos, all of which are based on injuries allegedly inflicted while Cloos was working as a PHS employee. *Id.* at 813.

The Court GRANTS Defendant Cloos' Motion to Dismiss (ECF 32).

**IT IS SO ORDERED.**

DATED this 12th day of July, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 3 – ORDER